

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 19, 1989

Louise Waddill, R.N., Ph.D.
Executive Secretary
Board of Nurse Examiners
9101 Burnet Road
Suite 104
Austin, Texas    78758

Opinion No.  JM-1096

Re: Whether a nursing student may administer medications under certain conditions and related questions  (RQ-1782)

Dear Ms. Waddill:

You refer to the provisions of what is now subchapter F of chapter 242 of  the Health and  Safety Code, relating  to convalescent and  nursing homes  and related  institutions.[1] Section 242.151 provides as follows:

> PERMITS TO  ADMINISTER  MEDICATION.    A person may  not  administer medication  to  a resident unless the person:
>
> (1)  holds a license under state  law that authorizes the  person to  administer medication; or

---

1.  You refer in your request to section 7B of  article 4442c, V.T.C.S.  Effective September 1, 1989, article  4442c is repealed  and  its  provisions  recodified  without substantive change as  part of the  Health and Safety  Code. Acts 1989,  71st Leg.,  ch. 678,  § 1,  at  2230;  see id. §§ 13, at 3165 (repealer), 1, at 2236 (no substantive change intended), 1, at 2476 (codification of provisions of section 7B of article 4442c).  We will refer in this opinion to  the provisions in question  as they  are found  in chapter  242, subchapter F (sections 242.151  thru 242.158) of the  Health and Safety  Code.    Also, two  different  acts of  the  68th Legislature added a section 7B to article 4442c.  You refer, and in the following discussion we will be referring to, the provisions of the section 7B  added by House Bill No.  1753, Acts 1983, 68th Leg., ch. 940 at 5170.

> (2) holds a permit issued under Section 242.154 and acts under the authority of a person who holds a license under state law that authorizes the person to administer medication.

You say that institutions covered by chapter 242 have in the past provided settings for clinical training of nursing students and persons undergoing training as medication aides.[2] You ask whether the provisions of chapter 242, subchapter F, prevent such a person from administering medications under supervision to residents of these institutions as part of his training unless he holds the license or permit referred to in subsections (1) and (2) of section 242.151.

You argue that by the addition of the provisions of what is now subchapter F the legislature intended to provide for ongoing oversight of unlicensed persons administering medications in chapter 242 institutions, in view of problems and abuses encountered with respect to administration of medications in such facilities by unlicensed persons. See Bill Analysis, H.B. 1753, 68th Leg. (1983). You say that it is your agency's position that the legislature never intended, with the enactment of the provisions of what is now subchapter F, to limit the administration of medications by nursing students under supervision to residents of chapter 242 institutions as part of the clinical training component of the students' curriculum. You also argue that medication aide trainees should not be prevented by subchapter F from administering medications to such institutions' residents as part of the trainees' instruction.

Despite your contentions, we decline to go beyond the plain language of section 242.151 of subchapter F to create exceptions to the clear requirements of those provisions: that a person may not administer medication to a resident of a chapter 242 institution unless he holds a license or permit as provided for in the section. We do not think that such general provisions as those of article 4495b, section 3.06(d), that a physician may delegate medical acts, administration of drugs, etc., to "any qualified and

---

2. The term "institution" as used in chapter 242 is defined in some detail in section 242.002(6); see also section 242.003 (exemptions).

properly trained person," provide exceptions to the requirements of subchapter F specifically applicable to chapter 242 institutions, i.e., that a person may not administer medications to such institutions' residents without the license or permit provided for by that subchapter. Whether the person in question be a nursing student, a medication aide trainee, or otherwise, we find no exception in chapter 242 or elsewhere in Texas law to the requirement of section 242.151 that a person have the necessary license or permit in order to administer medications in a chapter 242 institution.[3]

---

3.  We would also note, in respect to your question whether the provisions of what is now subchapter F, chapter 242, Health and Safety Code, prohibit the administration of medication in chapter 242 institutions without a license or permit as provided there, that prior to its codification in chapter 242, article 4442c, section 7(a)(8) also provided that "all personnel administering medications must have completed a state-approved training program in medication administration." (Emphasis added.)  These provisions were added in 1977. Acts 1977, 65th Leg., 1st C.S., ch. 2, § 1, at 49.  With the addition of the more detailed permit requirements of section 7B of article 4442c in 1983, the quoted provisions of section 7(a)(8) became redundant and accordingly are merged in the 1989 Health and Safety Code, with the recodified provisions of section 7B of article 4442c, in subchapter F of the code.  Acts 1989, 71st Leg., ch. 678, § 1, at 2477 (section 7(a)(8) indicated as part of source law for provision of section 242.154 that the Department of Health shall issue a permit to persons who meet requirements adopted under subchapter F).

It would appear that, since 1977, with the addition of the section 7(a)(8) provisions, nursing students, medication aides and other persons would have been subject to the requirement that they must have completed a state approved training program in medication administration in order to administer medications in the nursing and convalescent homes and other institutions now covered by chapter 242 of the code.  The bill analysis for House Bill No. 1753, the 1983 act adding section 7B to article 4442c (now subchapter F of chapter 242 of the code), indicates that current law in 1983 already empowered "the Texas Department of Health to allow for . . . the administration of certain medications by

(Footnote Continued)

We do note that the provisions of subchapter F allow the Board of Health and Department of Health some flexibility in establishing the requirements for obtaining a permit under the section.[4]  Section 242.152 provides, *inter alia*, that the board shall adopt rules establishing requirements for issuance, renewal, etc., of a permit; curricula to train persons to administer medications to institution residents; and standards for approval of training programs.  Section 242.154(b) requires the department to prepare and conduct examinations for permit applicants.  Section 242.155 requires the board to set a fee in connection with permit applications.

Currently, board rules promulgated under subchapter F require, *inter alia*, completion of an approved training program consisting of 100 classroom hours and 40 hours of clinical experience in order to obtain a permit.  25 T.A.C. § 145.256 (1983).  Notably, the rules currently exempt unlicensed or unregistered nursing school graduates from the training component of the permit requirements.  *Id.* § 145.252.  It would appear that the board would also have authority under subchapter F to adopt rules under which, for example, completion of certain portions of a nursing school curriculum would fulfill the training requirements.

## S U M M A R Y

Nursing students and medication aide trainees are subject to the requirement of chapter 242, subchapter F, section 242.151 that a person must hold a license authorizing

---

(Footnote Continued)
unlicensed personnel [in the subject institutions].  These individuals receive formal training through state-approved medication administrative training courses . . . and are issued an acknowledgment card as a credential of their training."  Bill Analysis, H.B. 1753, 68th Leg. (1983).

4.  *See* [Health and Safety Code] § 242.002(1), (2) (providing that the terms "board" and "department" as used in chapter 242 refer respectively to the Board of Health and Department of Health).  Acts 1989, 71st Leg., ch. 678, § 1, at 2462.  Section 11.013 of the code provides:  "The board shall adopt policies and rules and shall govern the department."  *Id.* at 2239.

the person to administer medication, or a permit issued by the Department of Health under subchapter F, in order to administer medications to residents of convalescent and nursing homes and related institutions subject to chapter 242, Health and Safety Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General